Ruffin, J.
 

 The plaintiff is entitled, as a matter of course, to a decree of foreclosure as against the heir of the mortgagor ; but, as that defendant is an infant, the costs cannot be given against him, and are chargeable on the mortgaged premises, as the debt and interest are.
 

 With respect to the other part of the case, the Court is of opinion that the bill cannot be sustained. The parties have taken much testimony to impeach and sustain the deed under which the defendant, William II. Shute, the elder, claims. But we do not meddle with it, because that is a question concerning the legal title merely, and is not properly cognizable in equity. The plaintiff does not come into court upon an equitable title, but upon his legal title as mortgagee, for the purpose of getting his debt, or having his legal title quieted by terminating an equity of the mortgagor to redeem. Thus far the bill is a proper one. But finding, as he says, that the other defendant was also claiming the land, as the legal owner in fee, under a deed from the plaintiff's mortgagor, prior in date to the the mortgage, the plaintiff alleges that deed to be fraudulent and void as against the creditors of the maker of it and against himself as mortgagee — because, supposing it to have been executed at its date, it was a voluntary conveyance by an insolvent man; and also that it cannot defeat the the plaintiff’s title, because, though bearing date prior to thé mortgage, it was, in fact, executed afterwards. Upon both of these points, the parties are at issue, and it is apparent that they involve, simply, the legal title, as between these parties. The bill states no impediment in the way of the plaintiff’s suing at law, nor any reason for suing here. It is, upon its face, an ejectment bill, and every question raised here, as to the title, could be raised and would be triable in an action of
 
 *177
 
 ejectment; and, therefore, this Court ought not to assume the jurisdiction of deciding them. There are a few cases in which some of the courts of this country have said, that where the defendant submits to the jurisdiction by answering on the merits without raising the objection, and the parties bring the cause to a hearing on the proofs, the question will be entertained, because the court is competent to decide a question of fraud. But that depends upon the nature of the fraud, and the kind of interest affected by it; and as a general proposition it may, therefore, well be questioned. But, certainly, it cannot apply to a case like this, in which the questions are peculiarly proper for a jury, and on which, if the court would assume the jurisdiction at all, issues would probably be directed. And, more especially, it is not here applicable — because the defendant distinctly raises the objection in his answer, and it was, therefore, the folly of the plaintiff by taking replication to proceed to proofs, and compel the other party to do so too.
 

 Nor is the plaintiff’s case any the better upon the supplemental bill, on which he obtained an injunction against cutting the timber on the land. It does not seek an account of the produce of the timber, but merely an injunction on the ground of the insolvency of the defendant and the injury to the substance of the estate, by acts in the nature of destructive waste. Such a bill cannot be sustained against one in exclusive possession — claiming, colorably at least, the absolute estate, until the plaintiff has established his title at law — or, at all events, an injunction can be granted only when the plaintiff is endeavoring to establish his title at law, and until he.should have a reasonable time allowed for that purpose. For, the court of equity acts in such eases, not as superseding the jurisdiction of the courts of law over a legal title, but only in aid of a legal remedy, defective, because dilatory. These principles were so fully settled in the case of
 
 Irwin
 
 v.
 
 Davidson,
 
 3 Ired. Eq. 311, that they need no further illustration on this occasion. Here, there has been no’trial at law, and no case put in train for trial. On the contrary, the plain
 
 *178
 
 tiff, clearly, does not contemplate such a course, but proposes to-change the jurisdiction altogether; for, the reason assigned in the bill for the necessity for the injunction is, that without it, the timber would all be felled and sold before the hearing of this cause, so as to destroy the value of the land as a security for the debt at the making of a decree for foreclosure.
 

 In no respect, therefore, can the bill be entertained as against the defendant, William II. Shute, the elder, and as against him it must be dismissed, with costs.
 

 Per Curiam, Decree accordingly.